# EXHIBIT H

## SENTENCING MEMORANDUM ON BEHALF OF CAMERON COLLINS

*United States v. Christopher Collins, et al.*
No. S1 18-CR-567 (VSB)

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,        : 12-CR-00265(ENV)
                                 :
                                 :
                                 :
                                 :
     -against-                   : United States Courthouse
                                 : Brooklyn, New York
                                 :
                                 :
MAIR FAIBISH,                    : Thursday, March 10, 2016
                                 : 2:30 p.m.
          Defendant.             :
                                 :
                                 :
                                 :

- - - - - - - - - - - - - - - X

TRANSCRIPT OF CRIMINAL CAUSE FOR SENTENCING
BEFORE THE HONORABLE ERIC N. VITALIANO
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

For the Government:  ROBERT L. CAPERS, ESQ.
                        United States Attorney
                        Eastern District of New York
                          271 Cadman Plaza East
                          Brooklyn, New York 11201
                     BY: SYLVIA SHWEDER, ESQ.
                         Assistant United States Attorney


For the Defendant:   SIMON & PARTNERS LLP
                        30 Rockefeller Plaza
                        42nd Floor
                        New York, New York 10112
                     BY:BRADLEY DREW SIMON, ESQ.

Court Reporter:      VICTORIA A. TORRES BUTLER, CRR
                     225 Cadman Plaza East/Brooklyn, NY 11201
                     VButlerRPR@aol.com

Proceedings recorded by mechanical stenography, transcript
produced by Computer-Aided Transcription.

1      All right.  There is certainly no secret, as well,
2 that I subscribe to the views of a whole host of judges who
3 have said so publicly and scores of others who have bumbled
4 and grumbled about it privately, that the guidelines, even
5 with its slight revisions, are just mindlessly accelerated
6 once you have numbers of any size added in the loss or gain
7 table.
8      It just -- it is the tail of the dog wags everything
9 else.  This mindless acceleration essentially makes the
10 guideline for economic crimes, in my view, almost useless when
11 you get into -- unless you are dealing with a far less
12 significant kind of crime than the one that we have here.
13      Various efforts have been made to suggest revisions
14 to the guidelines for economic crimes.  The American Bar
15 Association has launched the criminal justice section and
16 launched a task force to look into the concerns of pension bar
17 alike.  That task force has made a report.  The Court has
18 reviewed it, listened to it.  Again, my vision does not allow
19 me to read them, and persuades the Court that while the
20 current guidelines system does not provide a reasonable way to
21 achieve the kind of sentencing objectives the guidelines are
22 supposed to achieve, and to try to provide fair and just
23 punishment, and not a punishment that is not disproportionate,
24 more uniform, that the ABA task force guidelines certainly
25 significantly move in that direction.  So that the Court finds

Proceedings                                                          24

1    those recommendations usable.
2            So for the edification of Counsel, this may shape
3    what you wish to tell me when we reach the 3553(a) portion of
4    this hearing.  I will give you the benefit of what I like to
5    think of as the shadow guidelines that control in this case.
6            The first -- and it begins with a base under the
7    task force guidelines, the base remains a seven.
8            The ABA guidelines do not have as many -- much
9    stratification with respect to the value in play, so that it
10   de-emphasizes, as the Court thinks it should be de-emphasized,
11   this equation, or this equivalency that the official
12   guidelines seem to embrace of the equivalency between economic
13   value and moral turpitude.  The Court does not share that
14   view.  The ABA guidelines recognize the need to move in that,
15   reform in that direction.
16           So based on our computations of the economic
17   characteristic, instead of an addition of 22 levels, the ABA
18   guideline would add 12 levels.
19           The task force guidelines also deals with victims
20   and other impacts in a different way, sets forth an analysis
21   for victim impact, which can range on the scale from 0 to 6.
22   The Court finds that in this case, looking both at Signature
23   Bank and the impacts on the shareholders of Synergy Brands,
24   that the, that this is a moderate kind of -- it is not
25   minimal.  It is certainly not five on the Richter scale, but