

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 11, 2021

**BY ECF**
The Honorable Vernon S. Broderick
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    <u>United States v. Cameron Collins</u>, S1 18 Cr. 567 (VSB)

Dear Judge Broderick:

    The Government writes to oppose the June 1, 2021 application of Cameron Collins seeking early termination of the five-year term of probation that the Court imposed when it sentenced him on January 23, 2020.

    Title 18, United States Code, Section 3564(c) provides that, in the circumstances present here, "[t]he court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may . . . terminate a term of probation previously ordered and discharge the defendant . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."

    Early termination of probation "is not warranted as a matter of course." *See United States v. Gerritson*, No. 01 cr. 1081, 2004 WL 2754821, at *3 (S.D.N.Y. Dec. 1, 2004). "Rather, the defendant must show that there is a 'new or unforeseen circumstance,' such as exceptionally good behavior." *Id*. (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997)). Early termination is not warranted where a defendant did nothing more than that which he was required to do by law. *See United States v. Medina*, 17 F.Supp.2d 245, 247 (S.D.N.Y.1998) ("Unblemished" conduct while under supervision cannot alone be classified as "exceptional" and "cannot be sufficient reason to terminate [supervision] since, if it were, the exception would swallow the rule").

    In seeking early termination of his term of probation, Collins makes several arguments. First, he points out that his compliance with probation thus far – and with pretrial supervision before that – has been perfect. The Government does not dispute Collins's characterization of his record while on probation. The law is clear, however, that "[m]erely complying with the terms of [] probation and abiding by the law are not in and of themselves sufficient to warrant early termination of probation, rather this is simply what is expected of [a] [d]efendant." *United States v. Caruso*, 241 F.Supp.2d 466, 469 (D. N.J. 2003)

June 11, 2021
Page 2

Nor does the fact that Collins completed his Court-ordered community service quickly and during the pandemic justify terminating his probation early. Collins is to be commended for the diligence with which he undertook to complete his community service. But, again, the requirement that Collins complete 500 hours of community service was a condition of his sentence, and there is nothing particularly "extraordinary" about Collins's desire to complete his service quickly and put this matter behind him. As for the fact that Collins completed his community service during the pandemic, there is no indication that Collins suffers from any health conditions that would place him at high risk for COVID-19-related complication, nor does it appear that he was working in environments where the risk of community transmission would have been particularly high.

Collins also argues that his probationary status and, particularly, the requirement that he give notice to his probation officer before traveling outside the Middle District of Florida, restricts his ability to care for his elderly family and further his business ventures. But the Government understands from speaking with the probation officer supervising Collins that the Probation Office in the Middle District of Florida has given Collins permission to travel outside the district on numerous occasions and has, without fail, granted his requests to travel, even on short notice. Though it may be inconvenient for Collins to have to keep the Probation Office apprised of his whereabouts, the probation officer's position is that this requirement is in no way hindering Collins's ability to conduct his personal or business affairs.

Nor has the balance of the Section 3553(a) factors changed in such a fundamental way as to warrant a modification of the sentence that the Court imposed only 17 months ago. Collins's good works and dedication to others were factors that were well-established at sentencing, and the Court appropriately took them into account in fashioning a non-custodial sentence. On the other side of the ledger, the offense remains a serious one, and the Court's original sentence was carefully fashioned to achieve specific and general deterrence and to provide just punishment for the crime, which included obstruction of justice. The inconveniences associated with Collins's probationary status are just that: inconveniences. They are not inhibiting his ability to lead a happy and productive. They do, however, serve as a reminder to Collins and those around him of the consequences of violating the law. Because that reminder was an important component of the Court's original sentence, the Government opposes Collins's request.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:     /s/
Scott Hartman
Assistant United States Attorney
(212) 637-2357